UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD GAFFNEY, by his Mother
ELIZABETH MOLLOY, as Administrator
of His Estate and Individually,

       Plaintiff,

   -against-          5:13-cv-1359 (LEK/DEP)

ANIMAS CORPORATION; JOHNSON &
JOHNSON SERVICES, INC.; and
LIFESCAN, INC.,

       Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiff Richard Gaffney, by his mother Elizabeth Molloy, as administrator of his estate and individually ("Plaintiff"), commenced this products liability action in New York State Supreme Court, Onondaga County, against Defendants Animas Corporation ("Animas"); Johnson & Johnson Services, Inc.; and Lifescan, Inc. ("Lifescan") (collectively, "Defendants"). Dkt. No. 1-1 ("Complaint"). Defendants subsequently removed this action. Dkt. No. 1 ("Notice"). Currently pending before the Court is Plaintiff's Motion to remand. Dkt. No. 13 ("Motion"). For the following reasons, the Motion is denied.

**II. BACKGROUND**

The Complaint alleges that Plaintiff, who was diagnosed with type I diabetes mellitus and prescribed Defendants' Animas Insulin Pump and Cartridges, died because the device failed to properly deliver insulin. Compl. ¶¶ 7-22. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

On October 31, 2013, Defendants removed this action pursuant to 28 U.S.C. § 1441(a) based on diversity jurisdiction. Notice ¶¶ 4-12. Plaintiff then filed the Motion, which asserts that Defendants are citizens of the same state as Plaintiff, and therefore the Court lacks subject-matter jurisdiction. Mot. Defendants filed a Memorandum in opposition on December 16, 2013. Dkt. Nos. 18 ("Response"), 19 ("Affidavit").

### III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in state court can be removed to federal court only if the district court has original jurisdiction over the claim. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), and have original subject-matter jurisdiction only over cases in which there is a federal question, or in which there is complete diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332.

In this case, the only asserted basis for subject-matter jurisdiction is diversity jurisdiction. See Notice ¶ 4. Diversity jurisdiction requires "complete" diversity; no adverse parties may be citizens of the same state.[1] See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir.

---

[1] 28 U.S.C. § 1332(a) also requires that there be more than $75,000 in controversy. A removing defendant need show only "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (citation omitted). Moreover, the burden of meeting the amount-in-controversy requirement is "hardly onerous . . . for we recognize a rebuttable presumption that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003). In assessing the amount in controversy, the district court should first look to the complaint. See Samuels v. Elrac, Inc., 2006 WL 2862337, * at 1 (E.D.N.Y. October 5, 2006). Here, Plaintiff seeks unspecified damages for, *inter alia,* wrongful death, medical expenses, emotional and physical pain, and economic loss. See generally Compl. Based on Plaintiff's extensive demand, there is a reasonable probability that

2

2000) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)); St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citing Owen Equipment, 437 U.S. at 373-74)).

For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated, as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005). A corporation's principal place of business is normally where the corporation maintains its headquarters. See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Further, a corporation may have only one principal place of business. Id.

## IV. DISCUSSION

Plaintiff, a citizen of New York, asserts that the Court lacks subject-matter jurisdiction because Defendants are also citizens of New York, and thus complete diversity is lacking. Mot. Plaintiff first argues that, "[w]hile Johnson & Johnson[2] is incorporated in New Jersey, it maintains a primary office in New York State." Mot. at 4. Specifically, Plaintiff claims that "in addition to its New Jersey office, Johnson & Johnson Services maintains [two] office[s] in New York City." Id. at 3. In response, Johnson & Johnson Services, Inc. has provided a business entity status report from the New Jersey Division of Revenue and Enterprise Services Business Record Service, which

---

Plaintiff's claim is in excess of $75,000. Thus, the amount-in-controversy requirement is met.

[2] The Court notes that Plaintiff erroneously conflates and interchanges "Johnson & Johnson Services, Inc." with its non-party, parent corporation "Johnson & Johnson." Mot. at 2-4. However, as will be discussed *infra*, the error is inconsequential, as complete diversity exists regardless of which corporate entity to whom Plaintiff intends to refer.

3

states that its headquarters are located in New Brunswick, NJ. Affidavit Exh. 1 at 2.[3] The parties do not dispute that Johnson & Johnson Services, Inc. is incorporated under the laws of New Jersey. Mot. at 3; Response at 3.

As discussed *supra*, a corporation may only have one principal place of business, which is generally where the corporation maintains its headquarters. See Hertz at 92-93. That a corporation may have additional offices in another state is irrelevant. See id. While Plaintiff has alleged that Johnson & Johnson Services, Inc. maintains two offices in New York, it has not provided any evidence that either of these offices serves as its headquarters. The only evidence before the Court is that Johnson & Johnson Services, Inc. maintains its headquarters, and thus principal place of business, in New Jersey. See Affidavit. Therefore, Johnson & Johnson Services, Inc. is a citizen only of New Jersey for diversity jurisdiction purposes.

Plaintiff also argues that Animas and Lifescan are citizens of New York because "Johnson & Johnson, the parent company of both Animus and Lifescan, maintains a primary office in New York." Mot. at 4. Plaintiff cites no authority for the proposition that a parent corporation necessarily imputes its principal place of business to its subsidiaries for diversity jurisdiction purposes. In fact, "in all but exceptional circumstances, the principal place of business of a corporation for purposes of 28 U.S.C. §1332(c)(1) is determined without reference to the business of a parent corporation." Hungarian Broad. Corp. v. Coleman and Co. Secs., Inc., No. 96-0048, 1996 WL 374173 at *1 (S.D.N.Y. July 2,1996). Thus, parent corporation Johnson & Johnson's state of citizenship is irrelevant.

---

[3] The pagination corresponds to the page numbers assigned by ECF.

Animas is organized and exists under the laws of Delaware, with its principal place of business in Pennsylvania. Resp. at 3. Lifescan is incorporated under the laws of California and maintains its principal place of business in California. Id. Thus, both Defendants are citizens of states other than New York.

In sum, Plaintiff has failed to establish that any of the Defendants are citizens of New York for diversity jurisdiction purposes. Therefore, complete diversity exists among all adverse parties and the Court has subject-matter jurisdiction over Plantiff's claim pursuant to 28 U.S.C. § 1332(a)(1).

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff Richard Gaffney's Motion to remand (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    May 20, 2014
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge